E-FILED
Tuesday, 08 June, 2021  10:34:04 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cr-40051-SLD-2 |
| | ) | |
| VALERIE ANNE BALLARD, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court are Defendant Valerie Anne Ballard's pro se motion for compassionate

release, ECF No. 162, and counseled Amended Motion for Compassionate Release, ECF No.

166, and the United States' Motion to File Exhibit Under Seal, ECF No. 168.  For the reasons

that follow, the motions for compassionate release are DENIED, and the motion for leave to file

under seal is GRANTED.

**BACKGROUND**

On March 6, 2018, Defendant was sentenced to 144 months of imprisonment for

conspiracy to distribute actual methamphetamine.  Judgment 1–2, ECF No. 109.  She is currently

serving her sentence at Federal Correctional Institution ("FCI") Aliceville in Aliceville, Alabama

and is scheduled to be released on October 29, 2026.  *See Find an Inmate*, Fed. Bureau of

Prisons ("BOP"), https://www.bop.gov/inmateloc/ (search for "Valerie" with "Anne" with

"Ballard") (last visited June 8, 2021).  In light of the ongoing COVID-19 pandemic, Defendant

filed a pro se motion for an order reducing her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

The Court appointed the Federal Public Defender to represent Defendant with respect to this

motion.  *See* Feb. 4, 2021 Text Order.  An amended motion was filed by counsel on February 18,

2021.  The United States opposes Defendant's request for compassionate release.  Resp., ECF

No. 169.

## DISCUSSION

### I.    Legal Standard

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a

final judgment" that can be modified in only certain enumerated circumstances.  18 U.S.C.

§ 3582(b).  As relevant here:

> [a] court, upon motion of the Director of the [BOP], or upon motion of the
> defendant after the defendant has fully exhausted all administrative rights to
> appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the
> lapse of 30 days from the receipt of such a request by the warden of the
> defendant's facility, whichever is earlier, may reduce the term of imprisonment
> . . . after considering the factors set forth in section 3553(a) to the extent that they
> are applicable, if it finds that (i) extraordinary and compelling reasons warrant
> such a reduction

and that a reduction is "consistent with applicable policy statements issued by the Sentencing

Commission."  *Id.* § 3582(c)(1)(A).  "[T]he movant bears the burden of establishing

extraordinary and compelling reasons that warrant a sentence reduction."  *United States v.

Newton*, 996 F.3d 485, 488 (7th Cir. 2021) (quotation marks omitted).

### II.    Analysis

Defendant argues that extraordinary and compelling reasons for release exist because she

"faces the risk of serious complications, and possible death, should she contract the COVID-19

virus" because she is obese and has other medical issues that increase her risk for severe illness

from COVID-19.  *See* Am. Mot. Compassionate Release 4.  She acknowledges that she has

received both doses of a COVID-19 vaccine, but argues that since "the risk to her health and . . .

her life was not eliminated as a result of being vaccinated," the Court should grant her

compassionate release.  *Id.*  The United States contends Defendant's request should be denied

2

because "she has not demonstrated extraordinary and compelling circumstances that justify her requested relief" and because relief is unwarranted in light of the § 3553(a) factors. *See* Resp. 1.[1]

The compassionate release statute directs the Court to determine: 1) whether extraordinary and compelling reasons warrant a sentence reduction; 2) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission"; and 3) whether a reduction would be consistent with the factors listed in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). The Seventh Circuit has held, however, that currently there is no applicable policy statement with which a sentence reduction must be consistent. *See United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020).

This Court has found extraordinary and compelling circumstances exist due to COVID-19 when an individual is at risk for severe illness. *See United States v. Smith*, Case No. 2:17-cr-20056-SLD-EIL, 2021 WL 262553, at *2 (C.D. Ill. Jan. 26, 2021). And here, Defendant has at least two conditions—obesity and hypertension—which the Centers for Disease Control and Prevention ("CDC") states may increase her risk for severe illness from COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 13, 2021).[2]

---

[1] The United States does not argue that Defendant has failed to exhaust her administrative remedies, *see* Resp. 14–15, so the Court need not address the exhaustion requirement. *Cf. United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) ("Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it." (citations omitted)).

[2] The parties agree that Defendant also has asthma. *See* Am. Mot. Compassionate Release 2; Resp. 3. The CDC states that "[p]eople with moderate-to-severe or uncontrolled asthma are more likely to[] be hospitalized from COVID-19." *People with Moderate to Severe Asthma*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma html (last updated Apr. 7, 2021). Because Defendant has at least two conditions that may

But she has received both doses of a COVID-19 vaccine.  The United States argues that "[i]n light of her vaccination, . . . [D]efendant's health condition no longer rises to the level of an extraordinary and compelling reason justifying compassionate release."  Resp. 20.  Defendant argues that "high risk persons . . . still face a significant risk of contracting COVID-19 and suffering severe complications" because vaccines are not effective at preventing all infections.  *See* Am. Mot. Compassionate Release 9.

The information available to the Court suggests that being fully vaccinated significantly reduces an individual's risk of getting seriously ill from COVID-19.  For example, the CDC states that "[s]tudies show that COVID-19 vaccines are effective at keeping [individuals] from getting COVID-19" and that "[g]etting a COVID-19 vaccine will also help keep [an individual] from getting seriously ill even if [he] do[es] get COVID-19."  *Key Things to Know about COVID-19 Vaccines*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/keythingstoknow.html (last updated May 23, 2021); *COVID-19 Vaccines Work*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last updated May 20, 2021) ("Vaccine effectiveness studies provide a growing body of evidence that mRNA COVID-19 vaccines offer similar protection in real-world conditions as they have in clinical trial settings, reducing the risk of COVID-19, including severe illness, among people who are fully vaccinated by 90 percent or more.").  The CDC also states that "there is increasing evidence that COVID-19 vaccines also provide protection against . . . asymptomatic infections[]."  *COVID-19 Vaccines Work*, *supra*.

---

increase her risk for severe illness, the Court need not address whether she is at risk for hospitalization or more severe illness from COVID-19 due to her asthma as well.

Moreover, the BOP reports that there are currently no confirmed cases of COVID-19 at FCI Aliceville. *See COVID-19 Coronavirus*, BOP, https://www.bop.gov/coronavirus/ (scroll to "COVID-19 Cases" and click on "Full breakdown and additional details") (last visited June 8, 2021). And it reports that 809 inmates have been fully vaccinated. *See id.* (scroll to "COVID-19 Vaccine Implementation" and click on "Learn more about vaccinations and view individual facility stats") (last visited June 8, 2021). There are 1,215 total inmates at the Aliceville correctional complex: 1,050 at the FCI and 165 at an adjacent minimum security camp. *FCI Aliceville*, BOP, https://www.bop.gov/locations/institutions/ali/ (last visited June 8, 2021). Therefore, approximately two-thirds of Aliceville's inmates have been vaccinated.

In light of her vaccination, the low number of COVID-19 cases at FCI Aliceville, and the high number of vaccinations at FCI Aliceville, the Court finds that Defendant has not shown an extraordinary and compelling reason for release based on the COVID-19 pandemic. Many courts have come to similar conclusions. *See, e.g.*, *United States v. Singh*, --- F. Supp. 3d ---- No. 4:15-CR-00028-11, 2021 WL 928740, at *2 (M.D. Pa. Mar. 11, 2021) ("[T]he Court concludes that Singh's recent vaccination mitigates his risk from COVID-19 to such an extent that COVID-19, in combination with Singh's underlying conditions [that increase his risk for serious illness from COVID-19], no longer presents an extraordinary and compelling reason to grant compassionate release."); *see also United States v. Schoonover*, Case Nos. 1:01-cr-00156-JMS-TAB-01, 1:02-cr-00014-JMS-MJD-02, 2021 WL 1814990, at *4 (S.D. Ind. May 6, 2021) ("Although no vaccine is perfect, the CDC has recognized that [the COVID-19] vaccines

. . . are effective . . . . In these circumstances, the Court declines to exercise its discretion to find that the risk Mr. Schoonover faces from the COVID-pandemic represents an extraordinary and compelling reason warranting a sentence reduction." (citation omitted)); *United States v. Miller*, Case No. 13-20928, 2021 WL 1115863, at *2 (E.D. Mich. Mar. 24, 2021) ("The court is aware of no scientifically derived evidence showing that severe complications or death from COVID-19 is likely, or even possible, after an individual has received a full vaccination regimen. . . . The risk of COVID-19 to Defendant's health does not warrant the extraordinary remedy of compassionate release." (citation omitted)).

## CONCLUSION

Accordingly, Defendant Valerie Anne Ballard's pro se motion for compassionate release, ECF No. 162, and counseled Amended Motion for Compassionate Release, ECF No. 166, are DENIED.  The United States' Motion to File Exhibit Under Seal, ECF No. 168, is GRANTED because Defendant's medical records should be sealed.

Entered this 8th day of June, 2021.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE

6